**David TARTER, et al., Plaintiffs,**

v.

**William RAYBUCK, et al., Defendants.**

**No. C81–1891A.**

United States District Court,
N.D. Ohio, E.D.

Feb. 7, 1983.

George B. Vasko, Akron, Ohio, for plaintiffs.

Dennis M. Whalen, G. Frederick Compton, Jr., Cuyahoga Falls, Ohio, for defendants.

## MEMORANDUM OPINION

DOWD, District Judge.

The plaintiffs, David Tarter, a student at Cuyahoga Falls High School, and his parents, Dennis and Judy Tarter, filed a complaint alleging that certain of their constitutional rights were violated by five school administrators and the Board of Education of Cuyahoga Falls[1] in March of 1981. The action is brought pursuant to the provisions of 42 U.S.C. § 1983.

Neither party requested a jury. The case was tried to the Court in a bench trial and subsequently briefed by the parties.

The Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. On March 3, 1981, plaintiff David Tarter was enrolled as a student in the junior class of Cuyahoga Falls High School.

---

1. The motions for a directed verdict at the conclusion of the plaintiffs' case by Dr. Wilson, the superintendent of the school system and Miss Rovnyak and the Board of Education were sustained.

2. A designated smoking area has been provided for high school students in an area known as the "pit" in a parking lot adjacent to Cuyahoga Falls High School.

3. Prior to March 3, 1981, reports had been received by the Cuyahoga Falls High School Administration regarding alleged drug use and vandalism by students while located in the "pit".

4. As a result of the reports, three administrators of the high school, David Rump, as the Administrative Principal, and defendant unit principals, William Raybuck and William Spargur, met early on the morning of March 3, 1981, and assembled in concealed surveillance positions within the high school to observe student activity in the smoking pit.

5. Rump, Raybuck and Spargur observed a number of high school students passing and smoking marijuana joints or cigarettes and the exchange of money and plastic bags which appeared to contain marijuana cigarettes or joints.

6. The plaintiff, David Tarter, was observed by defendants Raybuck and Spargur while standing in a circle of students to smoke a marijuana joint and to exchange a plastic bag and money with another Cuyahoga Falls student, Michael Cosner.

7. As a result of the observations, the defendants Rump, Raybuck and Spargur went to the pit simultaneously and directed a number of students, including the plaintiff, into the high school building.

8. Some of the students were questioned first by high school officials and then searched by police officials who arrived at the request of the high school officials.

9. David Tarter was taken to the high school clinic and questioned by the defendants Raybuck and Spargur regarding his activity in the smoking pit. Raybuck detected the odor of marijuana on the breath of David Tarter.

10. Prior to the confrontation of Tarter, the defendant William Spargur met with and questioned Michael Cosner after retrieving a marijuana joint in the area of the smoking pit, which Cosner had thrown away as Spargur approached. Cosner claimed that he had purchased marijuana cigarettes while in the smoking pit from a student whom he identified from the school yearbook as the plaintiff Tarter.

11. The defendant Spargur informed the defendant Raybuck of his conversation with Cosner prior to the Tarter confrontation.

12. Raybuck, upon confronting the plaintiff Tarter, advised Tarter of what Raybuck had seen including the Tarter-Cosner exchange and the receipt of subsequent information that Tarter had been the seller in the Tarter-Cosner exchange. Raybuck advised Tarter that they wanted to conduct a search of Tarter.

13. Tarter voluntarily complied with the request of William Raybuck and produced the contents of his pockets and boots which disclosed no evidence of marijuana.

14. In an earlier confrontation on the morning of March 3, 1981, the defendant William Spargur was handed a plastic bag of marijuana cigarettes concealed under the trousers of student Dave Richardson who had been seen engaging in an exchange of what appeared to be marijuana cigarettes with a student in a transaction separate from the Tarter-Cosner exchange.

15. Prior to the Spargur-Raybuck-Tarter confrontation in the clinic, William Raybuck was present when an officer of the Cuyahoga Falls Police Department began a search of Greg Kmet, another student observed smoking marijuana in the pit on March 3, 1981. The police officer asked Kmet to unbutton his pants. After Kmet complied, with some hesitation, and lowered his pants, the police officer and Raybuck observed a big bulge in his underwear which was patted by the police officer with ensuing crinkling-like paper sound. At that point Kmet stated, "You're not searching me any more," and bolted from the school with the police officer in pursuit.

16. Against the background of the Richardson-Kmet discoveries, Raybuck and Spargur requested Tarter to unfasten and lower his trousers for inspection. However, the plaintiff David Tarter refused to com-

ply with the request. Raybuck and Spargur ceased their search and requested that the Cuyahoga Falls Police Department be requested to return to the school.

17. Following the observations by the principals of the students in the pit and prior to the confrontation of Tarter by Spargur and Raybuck, the defendant William Raybuck notified plaintiff Judy Tarter, the mother of David Tarter, of the observations in the pit and requested Mrs. Tarter come to the high school.

18. Dennis and Judy Tarter, parents of David Tarter, arrived at Cuyahoga Falls High School after the plaintiff David Tarter advised defendants Raybuck and Spargur that he would not permit a search of his trousers.

19. Dennis and Judy Tarter were taken to the high school clinic where David Tarter and defendants Raybuck and Spargur were located. The group was joined by the defendants Rump and Rovnyak.

20. While the plaintiffs and the defendants Raybuck, Spargur, Rovnyak and Rump were in the clinic, a discussion ensued concerning the occurrences on March 3, 1981.

21. The plaintiffs were advised that the Cuyahoga Falls Police Department had been summoned. The plaintiffs announced they were leaving the building. The plaintiffs were requested to wait but refused and immediately left the premises without interference from any of the defendants.

22. During the 1980–1981 school year, the Cuyahoga Falls City School District Board of Education had in effect a code of student conduct and discipline procedure which was made known to students in the Cuyahoga Falls High School. Under that code, the possession and/or use of drugs was prohibited and subject to suspension and/or expulsion action. The adoption and enforcement of the conduct code and discipline procedure was pursuant to and in compliance with Sections 3313.66 and 3313.-661, Ohio Revised Code.

23. On March 3, 1981, David Tarter was suspended from school for ten (10) days for possession and/or use of marijuana based upon the observations of Defendants Raybuck, Spargur and Rump and the detectible odor of marijuana on the breath of David Tarter as observed by Defendant Raybuck.

24. Subsequent to the morning of March 3, 1981, David Tarter was suspended and ultimately expelled from attendance at the Cuyahoga Falls High School for the remainder of the semester for sale or purchase of drugs, use of marijuana, habitual truancy, and extensive discipline record for the 1980–1981 school year.

25. On April 1, 1981, a hearing was held before the Cuyahoga Falls City School District Board of Education on David Tarter's appeal of the expulsion decision of the Superintendent. After hearing all of the evidence presented by the Administration of the Cuyahoga Falls High School, Dennis and Judy Tarter, and their attorney, the Board of Education upheld the expulsion decision of the Superintendent. David Tarter neither attended nor testified at the expulsion appeal hearing.

26. David Tarter has not enrolled in the Cuyahoga Falls School District or any other school district after the expiration of the term of his expulsion.

27. The defendants throughout the events described above acted under the color of state law.

28. Other than for the fact of the plaintiff David Tarter's expulsion from the second semester of the 1980–81 school year, the damages suffered by the plaintiffs were nominal in nature.

## CONCLUSIONS OF LAW

1. The search of a student conducted by and at the request of a high school principal does not constitute an infringement of a constitutionally protected right of the student where the student consents to the search.

2. The plaintiff David Tarter having consented to the search conducted by and at the request of defendants Raybuck and Spargur, principals of Cuyahoga Falls High School, the ensuing search did not violate a constitutionally protected right of the plaintiff David Tarter.

3. The search of David Tarter conducted by the defendants Raybuck and Spargur following Raybuck and Spargur's observations of the activities in the pit and the declarations of Tarter's fellow student, Michael Cosner, was reasonable in the context of Fourth Amendment constraints. See *Horton v. Goose Creek Independent School District,* 677 F.2d 471, 483 (5th Cir.1982).

4. The request of the defendants Raybuck, Spargur and Rump that the plaintiffs remain in the high school clinic did not constitute false imprisonment as the mobility of the plaintiffs was not impeded or hindered, nor did the defendants act in any manner which would have reasonably given rise to the belief on the part of one or more of the plaintiffs that their mobility was impeded or hindered.

■ 5. The expulsion of the plaintiff David Tarter from the balance of the second semester in the school year 1980–81 at Cuyahoga Falls High School was in compliance with due process of law and the provisions of R.C. § 3313.66 et seq.

6. The plaintiffs failed to prove any conduct on the part of any of the defendants that would support a judgment for either compensatory or punitive damages.

### CONTINUATION OF OPINION

The decision of the administrators of Cuyahoga Falls High School to employ self help in an attempt to abate rumored illegal drug activity on the school grounds resulted in the expulsion of numerous students including the plaintiff David Tarter. Subsequently, the plaintiffs began this action claiming that conduct of the administrators violated their constitutional rights. First the plaintiffs challenged the search of David Tarter as constituting a violation of his Fourth Amendment right to be free from an unlawful search and seizure. Secondly, the plaintiffs claimed they were falsely imprisoned while located in the high school clinic with several of the administrators. Finally, the complaint challenged, on constitutional grounds, the procedure by which David Tarter was expelled from Cuyahoga Falls High School for the balance of the second semester of his junior year.

At trial, no attempt was made to attack the expulsion procedures. Rather, the plaintiffs prosecuted claims of an unconstitutional search of the student-plaintiff, David Tarter, and the false imprisonment of all three plaintiffs.

■ With respect to the claim of the violation of David Tarter's Fourth Amendment rights, this Court has found, as set forth in the findings of fact, that the plaintiff David Tarter freely and voluntarily consented to a search of his person to the extent that a search was conducted. But assuming arguendo that the plaintiff David Tarter was intimidated by the presence of his high school principals to consent involuntarily to the search, such a finding would not render the search unconstitutional without further inquiry. Rather, under such circumstances, the issue would be whether the decision of the high school principals to undertake the search of plaintiff, David Tarter, on the morning of March 3, 1981, was, under all the circumstances, as known by the defendant-principals Raybuck and Spargur, reasonable in the context of Fourth Amendment constraints. *Horton v. Goose Creek Independent School District,* 677 F.2d 471 (5th Cir.1982), at page 483 addresses the issue of the interplay between the Fourth Amendment rights of the student and the duties and powers of teachers and school administrators with respect to searches of students on school premises. The Court stated:

> ... The basic concern of the fourth amendment is reasonableness, and reasonableness depends on the circumstances. Often the ordinary requirements of the fourth amendment are modified to deal with special situations .... [Citations omitted] The public school presents special circumstances that demand similar accommodations of the usual fourth amendment requirements. When society requires large groups of students, too young to be considered capable of mature restraint in their use of illegal substances or dangerous instrumentalities, to congre-

gate in the public schools, it assumes a duty to protect them from dangers posed by anti-social activities—their own and those of other students—and to provide them with an environment in which education is possible. To fulfill that duty, teachers and school administrators must have broad supervisory and disciplinary powers. At the same time, though, we must protect the fourth amendment rights of students . . . .

When the school official acts in furtherance of his duty to maintain a safe environment conducive to education, the usual accommodation is to require that the school official have "reasonable cause" for his action . . . . 677 F.2d at 483–84.

■ Applying the test of *Horton, supra,* to the facts at hand, it is apparent that the defendants Raybuck and Spargur, acting as high school principals with responsibility for the control and discipline of the students at Cuyahoga Falls High School, and taking into consideration all of the information that they had acquired prior to their attempt to commence a search of David Tarter, acted reasonably in connection with the search of David Tarter on March 3, 1981. Consequently, even assuming the absence of David Tarter's consent to the search of his person to the extent that a search was conducted, his Fourth Amendment constitutional rights were not violated by defendants Raybuck and Spargur. The action of Raybuck and Spargur was reasonable in view of the following circumstances. They had observed Tarter to engage in what reasonably appeared to be the smoking of a marijuana cigarette. They had observed an exchange between Tarter and Cosner of money and what appeared to be a package of marijuana cigarettes. Cosner had identified Tarter as the person selling him marijuana. Raybuck had smelled the odor of marijuana on Tarter's breath. Raybuck and Spargur each observed that other Cuyahoga Falls high school male students had concealed containers of marijuana cigarettes in their trousers or underwear. Under such circumstances, and given the duties and responsibilities of Spargur and

Raybuck as principals of the high school, their decision to undertake the search of David Tarter to determine whether in fact he had concealed marijuana on his person was reasonable in the context of Fourth Amendment rights enjoyed by Tarter.

■ The plaintiffs' claim of false imprisonment relates to the presence of the three plaintiffs in the high school clinic at a time when the defendants, Rump, Raybuck and Spargur, were also present. The plaintiffs testified that the principal, Mr. Rump, stood next to the exit door from the clinic, and by so doing, blocked the only exit available to the plaintiffs to leave the clinic. However, when directly confronted, David Tarter stated that Mr. Rump did not resist the departure of the plaintiffs. Mrs. Tarter also testified with respect to the alleged detention as follows:

A. I felt very strained, far as—Mr. Rump was the only thing blocking the door, and I felt I could get out.

Q. So you had no problem leaving?

A. No. I knew with my husband there, I would be able to leave, yes.

Q. Once your husband announced you were leaving, there was no further attempt to make you stay?

A. No, he just kind of pushed Mr. Rump aside and we walked out. (Tr. 46; 47)

Supplementing the testimony of the plaintiffs is the testimony of the defendants Raybuck, Spargur, Rovnyak and Rump, all of which indicates at no time were the plaintiffs subjected to false imprisonment. The plaintiffs' claim of false imprisonment is patently without merit.

Judgment is awarded the defendants with respect to the plaintiffs' claims.

## DEFENDANTS' COUNTERCLAIM

The defendants have brought a counterclaim seeking reasonable attorney fees and costs under the provisions of the Civil Rights Attorney's Fees Awards Act of 1976 (Act), 42 U.S.C. § 1988, Pub.L. No. 94–559 (Oct. 19, 1976), 90 Stat. 2641, as amended

(not in regard to fees in § 1983 cases) by Pub.L. 96–481 (Oct. 21, 1980), 94 Stat. 2330.

In relevant part, 42 U.S.C. § 1988 provides:

In any action or proceeding to enforce a provision of sections 1981, 1982, [or] 1983 . . . the court, *in its discretion,* may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. (Emphasis added.)

It is readily apparent that the defendants are the "prevailing party" in this action. Consequently, the question is whether the Court should, in the exercise of its discretion, allow reasonable attorneys fees.

■ Although the terms of the Act suggest that a defendant, as the prevailing party, is entitled to reasonable attorney's fees, the statute has been interpreted to set a higher standard for an award of attorney's fees to a defendant. The Senate Report on the Act stated that:

It is intended that the standards for awarding fees be generally the same as under the 1964 Civil Rights Act. . . . [Plaintiffs] should not be deterred from bringing *good faith actions* to vindicate the fundamental rights here involved by the prospect of having to pay their opponent's counsel fees should they lose. Such a party, if unsuccessful, could be assessed his opponent's fee only where it is shown that his suit was clearly frivolous, vexatious, or brought for harassment purposes. . . ."

S.Rep. No. 94–1011, 94th Cong., 2d Sess., U.S.Code Cong. & Admin.News 1976, pp. 5908, 5912 (June 29, 1976) (emphasis added, footnotes and citations omitted). This passage indicates that Congress intended to award attorney's fees to a defendant only where the suit was "clearly frivolous, vexatious, or brought for harassment purposes." Further, this passage indicates that Congress intended for the standards developed in Title VII litigation to apply to the award of attorney's fees under § 1988. See *Green v. Ten Eyck,* 572 F.2d 1233, 1243–44, n. 11 (8th Cir.1978). In the leading decision discussing an award of attorney's fees to a defendant in a Title VII action, the Supreme Court stated:

[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith . . . or that the plaintiff continued to litigate after it clearly became so.

*Christiansburg Garment Co. v. Equal Employment Opportunity Commission,* 434 U.S. 412, 421–22, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978).

■ Upon review of the evidence in this case in light of these standards, the Court finds that this action was "frivolous, unreasonable, or without foundation . . . ." Therefore, the Court concludes that the defendants are entitled to recover their reasonable attorney's fees under the provisions of 42 U.S.C. § 1988. An analysis of the evidence supporting this conclusion follows.

Pursuant to R.C. 3313.66 et seq., the plaintiff parents appealed the expulsion to the Board of Education of Cuyahoga Falls. Considerable testimony was taken with respect to that appeal. See Exhibit H. A study of the record of the expulsion hearing before the Board of Education fails to reveal any factual basis to warrant the filing of a complaint alleging conduct on the part of the defendants actionable under 42 U.S.C. § 1983.

The plaintiffs' complaint prayed for relief including an order from this Court compelling the defendant school board and defendant school administrators to permit the plaintiff David Tarter to reenter Cuyahoga Falls High School. The complaint was filed in September of 1981 after David Tarter, as a matter of law, was eligible to return to school because his expulsion was for only the semester, consistent with the provisions of Ohio Revised Code § 3313.66. The fact that the expulsion was for only the period of a semester was clearly indicated by a letter mailed to the plaintiffs following the expulsion. See Exhibit 5. Nonetheless, the student David Tarter made no attempt to reenter Cuyahoga Falls High School. His

parents failed to make any inquiry on behalf of David Tarter calculated to bring about his reentry into Cuyahoga Falls High School. The defendants took no action which in any way could have been construed as an attempt to prohibit David Tarter from returning to Cuyahoga Falls High School.

It is without dispute that the search of David Tarter on the morning of March 3, 1981, ceased immediately upon his revocation of the consent that he had earlier given to a search of his person. David Tarter has never maintained to the contrary. The claim that David Tarter and his plaintiff parents were wrongfully detained in the high school clinic is patently without merit.

Accordingly, the Court grants judgment to the defendants on their counterclaim for reasonable attorney's fees. The Clerk of this Court is directed to schedule a hearing with notice to all parties for the purpose of allowing the defendants to introduce evidence with respect to their reasonable attorney's fees and costs and also for the purpose of permitting the three plaintiffs to offer evidence with respect to whether reasonable attorney's fees should be assessed against all three plaintiffs equally or in some other manner.