Ricardo E. HAWKINS, Plaintiff,

v.

Robert C. SCHIRACK, et al.,
Defendants.

No. C84–2433A.

United States District Court,
N.D. Ohio, E.D.

Feb. 4, 1986.

J. Dare Hawkins, Thomas F. Aubry, Houston, Tex., for plaintiffs.

Sanders J. Mestel, Schulman, Mestel & Falvey Co., Canton, Ohio, for Schirack.

James R. Unger, Prosecutor's Office, Canton, Ohio, for deft. Board of Com'rs, Stark Co.

Jacob F. Hess, Jr., Amerman, Burt & Jones Co., Canton, Ohio, for Rufo.

Ralph Ross, Canton, Ohio, for Patrick.

Robert W. Blakemore, David A. Lieberth, Blakemore, Rosen, Meeker & Varian Co., Akron, Ohio, for Sponseller.

Mark J. Skakun, Akron, Ohio, David M. Bridenstine, Asst. Pros. Atty., Canton, Ohio, for Watkins.

## MEMORANDUM OPINION

DOWD, District Judge.

### INTRODUCTION

By an order filed May 14, 1985, this Court granted the motion of the plaintiff, Ricardo Hawkins, to dismiss with prejudice the amended complaint filed against all defendants. Before the order further was filed, a number of defendants had indicated the belief that they were entitled to an award against the plaintiff for attorney fees and expenses. Consequently, the order of May 14, 1985, granted the defendants leave for sixty (60) days to file applications for attorney fees with the mandate that the application should include a lodestar itemization of the fees being sought together with a factual and legal basis for the proposed award. Two defendants, Robert Schirack and Richard Watkins, subsequently filed applications for fees and expenses.

I. *Motion of the defendant Richard Watkins.*

On August 2, 1984, a complaint was filed by the plaintiff against a number of defendants. Watkins was not named. An amended complaint was filed on August 15, 1984 adding additional defendants, including Watkins.

The amended complaint was lengthy and contained allegations of conspiracies, official corruption, and allegations of criminal actions in violation of 18 U.S.C. § 1961, *et seq.* Watkins was named in the caption as being sued in his official capacity as a member of the Board of Commissioners of Stark County.

Defendant Watkins requested Attorney Louis Boettler of Canton to review the complaint on his behalf. As indicated by his affidavit filed in support of the application for fees, Boettler contacted J. Dare Hawkins, one of the counsel of record for the plaintiff and was advised by Hawkins that he knew of no specific act of wrongdoing by Watkins and that Watkins had been named as a defendant in the amended complaint because plaintiff and his counsel suspected corruption in that Watkins' personal companies may have dealt with governmental entities during Watkins' terms of office. Prior to his election to the Board of County Commissioners, Watkins served as a councilman in the City of Canton. As additional affidavits filed in support of the application for fees indicates, a review of public records of Stark County and the City of Canton reveal no such dealing with Watkins' personal companies while he served as a Canton City Councilman or as a Stark County Commissioner.

The plaintiff and his lawyers oppose the application for the attorney fees. However, no affidavits are supplied in opposition to the motion for fees by Watkins. No testimonial support is offered for the allegations leveled against Watkins.[1] Counsel for the plaintiff argue that their client, who was serving as Chief Deputy Sheriff for Stark County at the time the complaint was filed, had formerly served as an investigating officer with the Internal Revenue Service. However, information that he had developed in that capacity was not available to him to support his suit brought in his private capacity and thus his decision to voluntarily dismiss his action against the defendants, knowing it would be with prejudice, was the proper course of action to take. Plaintiff argues that under those circumstances, he should not be required to

---

1. The order of May 14, 1985, indicated that the Court would grant the parties an opportunity for an evidentiary hearing on the applications. However, no factual dispute has developed that would warrant an evidentiary hearing.

bear Watkins' attorney fees. Additionally, the plaintiff and his counsel contend by way of a motion for partial summary judgement, that since Watkins was sued in his official capacity, he had no need to hire private counsel and thus the application for fees should be denied on that basis as well.

 As a threshold matter, the Court finds that where a public official is charged with corrupt activity in a lawsuit filed by a chief deputy sheriff for the county that the accused public official is serving, apparently limited by an indication that the suit is brought against the public official in only his official capacity, the public official designated and accused is entitled to seek private counsel and to be reimbursed for those attorney fees for such private counsel. Moreover, in this case, the other two members of the Board of Commissioners for Stark County, Norman Sponseller and Gerald Patrick, were sued in their individual capacity, and the nature of the unsupported allegations against Watkins, if proved, would support a judgment against Watkins in his individual capacity. Under such circumstances, Watkins was more than justified in obtaining private counsel to protect his individual interest. Thus, plaintiff's motion for partial summary judgment against Watkins on the issue of attorney fees and expenses is denied.

The defendant Watkins advances three grounds for an award of fees:

1. Plaintiff and his counsel acted in bad faith in filing the amended complaint naming Richard D. Watkins as a Defendant.

2. Watkins is entitled to Recover Attorney Fees from Plaintiff, J. Dare Hawkins and Thomas Aubrey based upon the Sanctions contained in Rule 11 of the Federal Rules of Civil Procedure.

3. Attorneys Aubrey and Hawkins should be required to reimburse Watkins' legal cost under 28 U.S.C. § 1927 because they multiplied proceedings unreasonably and vexatiously.

### THE RULE 11 CLAIM

Rule 11 of the Federal Rules of Civil Procedure was amended in 1983 to increase a sense of responsibility on the part of lawyers with respect to the filing of complaints and other papers in federal litigation. As amended Rule 11 reads in pertinent part:

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated.

\*　　\*　　\*　　\*　　\*　　\*

The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law, or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

\*　　\*　　\*　　\*　　\*　　\*

If a pleading, motion or other paper is signed in violation of this rule, the court, ... shall impose upon the person who signed it ... an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee.

 Watkins' claim for attorney fees under Rule 11 is grounded on the Boettler affidavit indicating that the inclusion of Watkins was based upon the suspicion that his companies had engaged in illegal contracts with the governmental agencies Watkins served as a public official. However, a routine check of public records would have disclosed the absence of any evidence to support such an allegation. The plaintiff, trained in investigation, could have performed such an investigation. The absence of any affidavit from the plaintiff or his counsel indicates that no such investigation was undertaken. The signatures of counsel on the amended complaint join-

ing Watkins as a defendant constitutes a certificate under the provisions of Rule 11 that the charges against Watkins are based upon their knowledge, information and belief formed after reasonable inquiry and that the complaint was not interposed for any improper purpose such as to harass. The Court finds under all the circumstances of this case as demonstrated by the affidavits filed in support of the motion for attorney fees and the response filed by plaintiff's counsel that Rule 11 was violated with respect to the defendant Watkins. A routine check would have disclosed that there was no basis in fact for the suspected involvement in illegal contract. Given the fact that Watkins was a candidate for election in 1984 to the very office for which the plaintiff had been an unsuccessful candidate in the May primary, the allegation that the amended complaint was filed for the purpose of harassing Watkins is evident.

The Court finds that Watkins is entitled to an award for reasonable attorney fees against counsel of record for the plaintiff.

### THE BAD FAITH CLAIM

 The Court finds that the submission of the defendant Watkins in support of an award for fees against counsel for the plaintiff is sufficient to support an award of fees against the plaintiff on the basis of bad faith. *Alaska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 259, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975); *Gordon v. Heimann,* 715 F.2d 531 (11th Cir.1983). Grounds for a bad faith award exist when a plaintiff brings a groundless suit and forces the defendant to expend time and effort conducting his defense. Such is the case with respect to plaintiff's action against the defendant Watkins. Consequently, the defendant Watkins is also entitled to an award for reasonable attorney fees against the plaintiff.

### THE 28 U.S.C. § 1927 CLAIM

The filing of the lawsuit and the amended complaint set off a discovery battle of substantial magnitude as the defendants, including Watkins, attempted to smoke out the plaintiff's claims. The process was difficult and delayed on several occasions by actions of the plaintiff thereby prompting the claim that the provisions of 28 U.S.C. § 1927 should apply which call for the assessment of excess costs where counsel "multiplies the proceedings in any case as to increase the costs unreasonably and vexatiously ..." As the Court has held that counsel Watkins is entitled to an award of reasonable attorney fees, the exercise of attempting to an award of reasonable attorney fees, the exercise of attempting to sort out the § 1927 claim would constitute a waste of judicial time.

### REASONABLENESS OF THE REQUEST

Counsel is entitled to a grant of fees based upon the hours expended times a reasonable rate for the services rendered. No objection has been taken by the plaintiff or his counsel either to the hours claimed or the rate requested by Watkins' counsel. The application seeks $6,466.50 for services rendered and $221.95 for costs. The hours claimed appear reasonable to the Court as do the rates claimed by the lawyers who worked in Watkins' behalf.

The Court will grant by a separate order judgment to the defendant Watkins against the plaintiff and his counsel, jointly and severally, in the sum of $6,688.45.

II. *Motion of the Defendant Robert Schirack.*

The defendant Robert Schirack was a former member of the Board of County Commissioners for Stark County. The plaintiff was appointed the chief deputy sheriff of Stark County by former Stark County Sheriff Robert C. Berens. Sheriff Berens appeared before the U.S. Senate Permanent Subcommittee on Investigations as a witness in January of 1984 with a prepared text which declared in part: "I had two serious offers of payoffs to allow gambling to continue. The first was made by an outgoing county commissioner who was defeated on the day I was elected." The defendant Schirack was apparently the person to whom Berens had reference.

Subsequently, Schirack filed a lawsuit against Berens in Stark County Common Pleas Court and joined the plaintiff as a party defendant. Eventually, Schirack voluntarily dismissed his case against the plaintiff. The plaintiff then filed the instant action on August 2, 1984 in which he accused Schirack of malicious prosecution in the state action and joined that accusation with the claim that Schirack's conduct as alleged in the Senate Subcommittee Report constituted racketeering as defined in 18 U.S.C.A. Section 1961 (1970). The plaintiff then joined the RICO claims with accusations brought pursuant to 42 U.S.C. §§ 1983 and 1985(3). In the amended complaint filed August 15, 1984, the plaintiff joined the three members of the Board of Commissioners for stark County, Watkins, Norman Sponseller and Gerald Patrick.

Against the background of the foregoing charges, extensive discovery efforts by the defendants were undertaken. Eventually, the plaintiff sought a grant of immunity from this Court so that he might offer testimony based upon information he allegedly obtained while in the employ of the Internal Revenue Service. On October 2, 1984 the Court published an order which declared in relevant part as follows:

> As was indicated in the Court's order filed September 19, 1984, the plaintiff, as a private citizen, has leveled serious charges of misconduct against a number of public officials. The defendant public officials, as might be anticipated, have sought to depose the plaintiff in order to determine the factual predicate for his sweeping accusations that the defendants are engaged in a conspiracy to violate the civil rights of the plaintiff and are also engaged in racketeering activity in Stark County, Ohio.

> At the plaintiff's partially completed deposition, he referred to information that he had developed while serving as a special agent of the Internal Revenue Service and declined to give specific details about the information claiming that the specific information was memorialized on the records that he had kept and that are still maintained by the Internal Revenue Service.

> When the plaintiff was confronted with the proposition that the disclosures that the plaintiff relies upon for his cause of action may violate federal law, the plaintiff refused to continue with the deposition and now seeks from this Court, without the benefit of any citation of authority, a grant of immunity from prosecution for any possible federal or state violations.

> In view of outstanding above-described motions, the fact that discovery has stopped, and the fact that the plaintiff has failed to file a second amended complaint, the Court hereby schedules an oral hearing on all of the above-described motions for Friday, October 5, 1984, to commence at 1:00 p.m.

On October 5, 1984, counsel for the plaintiff appeared and filed the motion to dismiss. Thereafter the Court granted the motion and provided that the action would be dismissed with prejudice.

The defendant Schirack now requests attorney fees for his initial counsel, Gregory Rufo, upon the following grounds:

1. Defendants [sic] are entitled to attorney fees in the plaintiff initiated this action in bad faith

2. Defendants [sic] should be awarded attorney fees as plaintiff and his attorneys failed to make a reasonable inquiry into the laws and facts as required by the provisions of the Federal Rules of Civil Procedure, Rule 11.

3. Defendants [sic] are entitled to attorney fees pursuant to the provisions of Title 28 U.S.C. § 1927.

4. Defendants [sic] are entitled to recover their attorney fees pursuant to 42 U.S.C. § 1988.

5. Defendants [sic] are entitled to attorney fees and expenses under the sanctions provisions of the Federal Rules of Civil Procedure, Rule 37.

■ The Court finds that the submission in support of the request for Rufo's fees is insufficient to permit recovery under the first, second, third and fifth grounds.

However, the Court finds that the defendant is a prevailing party under the provisions of 42 U.S.C. § 1988. The plaintiff has failed to demonstrate any reason for denying the attorney fees and expenses of Rufo under the provisions of 42 U.S.C. § 1988. *Tarter v. Raybuck*, 556 F.Supp. 625 (1983), *rev'd.* 742 F.2d 977 (6th Cir. 1984). The motion for an allowance of fees and expenses for Rufo's services in behalf of the defendant Schirack is granted.

The Court finds that the request for fees in the sum of $997.50 and expenses in the sum of $63.20 is reasonable.

A second application for fees for representing the defendant Robert Schirack on behalf of Sanders Mestel, deceased, has also been filed for services rendered on the third, fourth and fifth days of October, 1984. The application is insufficient to justify an award of fees and the same is denied.

IT IS SO ORDERED.

### JUDGMENT ENTRY

For the reasons set forth in the Memorandum Opinion filed contemporaneously with this Judgment Entry, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the motion of the plaintiff for partial summary judgment against the defendant Richard Watkins is denied.

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the defendant Richard Watkins is granted judgment in the sum of Six Thousand Six Hundred Eighty Eight and 45/100 Dollars ($6,688.45) against the plaintiff Richard E. Hawkins, J. Dare Hawkins, and Ted Aubrey, jointly and severally.

IT IS ORDERED, ADJUDGED, and DECREED that the defendant Robert Schirack is granted judgment in the sum of One Thousand Sixty and 70/100 Dollars ($1,060.70) against the plaintiff Ricardo E. Hawkins.

IT IS ORDERED, ADJUDGED, and DECREED that the application of Robert Schirack for attorney fees for Sanders J. Mestel, deceased, is denied.